# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAWK BUILDERS LLC<br><br>      Plaintiff,<br><br>vs.<br><br>THE OHIO CASUALTY INSURANCE COMPANY, OMINISCIENT FINANCIAL, BUSEY BANK ISAOA and JOHN DOES "1" through "10"<br><br>      Defendants. | Civil Action No.:<br><br>Removed from:<br><br>Superior Court of New Jersey<br>Law Division – Camden County<br><br>Docket No.: CAM-L-003903-25 |

## NOTICE OF REMOVAL

**TO:** **Clerk of the Court**
   United States District Court
   District of New Jersey
   Mitchell H. Cohen Federal Building & U.S. Courthouse
   4th & Cooper Streets
   Camden, New Jersey 08101

   Jonathan T. Guldin, Esq.
   **CLARK GULDIN**
   Attorneys at Law
   20 Church Street – Suite 15
   Montclair, New Jersey 07042
   (973) 206-5789
   *Attorneys for Plaintiff Hawk Builders LLC*

  **PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, The Ohio Casualty Insurance Company ("Ohio Casualty"), by its undersigned attorneys, Finazzo Cossolini O'Leary Meola & Hager, LLC, hereby removes the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of New Jersey, Law Division, Camden County, to the United States District Court for the District of New Jersey. The grounds for removal are as follows:

**BACKGROUND**

1. Plaintiff Hawk Builders LLC ("Plaintiff" or "Hawk Builders") commenced this action on November 19, 2025, by filing a complaint (the "Complaint") in the Superior Court of New Jersey, Law Division, Camden County, under Docket No. CAM-L-003903-25 (the "State Court Action"). The Complaint names as defendants: (a) Ohio Casualty, (b) Busey Bank ISAOA ("Busey"), (c) an entity identified as Ominiscient Financial ("Omni"), and (d) a number of fictitious "John Doe" parties. A copy of the Summons and Complaint is attached hereto as **Exhibit A**.

2. After filing the Complaint, Plaintiff filed a Voluntary Dismissal Without Prejudice as to Busey. A copy of the December 23, 2025 dismissal filing is attached hereto as **Exhibit B**. However, in the interest of completeness, Busey's status as a diverse party is also addressed in this Notice.

3. This case concerns Plaintiff's claim for coverage for alleged damage to a forklift under an insurance policy issued by Ohio Casualty to Plaintiff.

4. The Complaint sets forth four separate counts. Each count is pleaded against Ohio Casualty only; there are no causes of action pleaded against Busey or Omni. More specifically, Plaintiff seeks: (a) a declaratory judgment that Ohio Casualty inland marine policy XXXXXXX6023 (the "Policy") provided coverage for a forklift owned by Plaintiff with serial number 00001303 (Ex. A, Compl., Count One, at ¶¶ 52-55); (b) reformation of the Policy to provide said coverage (Ex. A, Compl., Count Two, at ¶¶ 56-62); (c) damages from Ohio Casualty for its alleged breach of the implied covenant of good faith and fair dealing (Ex. A, Compl., Count Three, at ¶¶ 63-67); and (d) attorneys' fees. (Ex. A, Compl., Count Four, at ¶¶ 68-69).

5. The Complaint further states in the "Wherefore" clause following Count Three that

Plaintiff seeks judgment against Ohio Casualty "for damages in an amount to be determined at trial, but in no event less than $275,000 … ." (Ex. A, Compl., Count Three, at "Wherefore" clause).

6. A copy of the CSC indicating proof of service of the Summons and Complaint on Ohio Casualty on December 1, 2025 is attached hereto as **Exhibit C**.

7. Accordingly, this Notice has been filed within 30 days of Ohio Casualty's receipt of the Complaint.

8. Consistent with the requirements of 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders received by Ohio Casualty in the State Court Action are attached hereto as **Exhibit D**.

9. This action is a civil action which may be removed under the provisions of 28 U.S.C. § 1441, and over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that there exists: (a) diversity of citizenship between Plaintiff and each defendant required to be considered for diversity purposes; and (b) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10. Pursuant to 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served" have consented to the removal of this action.

11. Venue is proper in this Court pursuant 28 U.S.C. § 1441(a) because the Superior Court of New Jersey, Law Division, Camden County is located in the District of New Jersey.

### CITIZENSHIP OF PARTIES

12. As set forth below, complete diversity of citizenship exists between the relevant parties, thereby satisfying the diversity of citizenship requirement of 28 U.S.C. § 1332.

**A.     Citizenship of Plaintiff**

13.     According to the Complaint, Plaintiff is a limited liability company organized under the laws of the State of New Jersey, with its principal place of business at 7905 Browning Road, Suite 206, Pennsauken, New Jersey.  (Ex. A, Compl., at ¶ 3).

14.     Upon information and belief, Plaintiff has one member – Sebastiao Ferreira, whose true, fixed and permanent home and place of habitation is located in New Jersey.

15.     Accordingly, for the purposes for diversity jurisdiction, Plaintiff is a citizen of the State of New Jersey.

**B.     Citizenship of Defendant Ohio Casualty**

16.     Ohio Casualty is a company organized under the laws of the State of New Hampshire, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts 02116.  (Ex. A, Compl., at ¶ 4).

17.     Accordingly, for the purposes of diversity jurisdiction, Ohio Casualty is a citizen of the State of New Hampshire and the Commonwealth of Massachusetts.

**C.     Citizenship and Status of Co-Defendant Omni**

18.     Plaintiff alleges in the Complaint that Omni has "an address" in New Jersey.  (Ex. A, Compl., at ¶ 5).  Diversity is not defeated by this allegation for several alternative reasons.

**(1)     Omni is a Citizen of the State of Florida**

19.     First, despite the reference in the Complaint to Omni having "an address in New Jersey," upon information and belief, Omni is not a citizen of New Jersey.

20.     Preliminarily, Plaintiff's reference to "*Ominis*cient Financial" appears to be a typographical error, and the entity Plaintiff attempted to name is actually "*Omni*scient Financial." The Summons accompanying the Complaint uses the "Omniscient Financial" spelling for the

4

entity at the alleged Livingston address. (Ex. A, Summons, at p. 2).

21. A search of the New Jersey Secretary of State's website indicates that no corporate entity with *either* spelling exists in New Jersey. Copies of the relevant search results for both "Ominiscient Financial" and "Omniscient Financial" are attached hereto as **Exhibit E**.

22. However, an entity known as "Omniscient Financial, LLC" does exist outside of New Jersey. This entity has a principal place of business at 7050 Palmetto Park Road, Suite 15-353, Boca Raton, Florida 33433.

23. A copy of Omni's 2025 annual report filed with the Secretary of State of the State of Florida reflecting this address is attached hereto as **Exhibit F**.

24. As a limited liability company, Omni also assumes the citizenship of its members. *Zambelli Fireworks Manufacturing Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). There is no indication that any of Omni's members are citizens of the State of New Jersey. On the contrary, both of the individuals identified in the 2025 annual report (Jordon Ross and Neil Ross) are domiciled in Florida.

25. In addition, an attorney in Florida purporting to represent the interests of Omni has confirmed that each of the members of Omni are domiciled only in Florida.

26. Accordingly, for the purposes of diversity jurisdiction, Omni is a citizen of the State of Florida.

27. Therefore, any argument that diversity jurisdiction does not exist because of Omni's alleged status as a citizen of New Jersey (or any other State) fails.

      **(2)** **Omni's Status Should be Realigned, and it Should be Considered a Plaintiff for Diversity Jurisdiction Purposes.**

28. Even if Omni is considered a citizen of New Jersey despite the information to the contrary, diversity jurisdiction would not be defeated. Although identified as a defendant in the

Complaint, Omni's interests are not adverse to Hawk Builder's interests. To the contrary, it has the same interest as Plaintiff in this declaratory judgment/reformation action and, as a result, its status should be "realigned" as a plaintiff for diversity purposes.

29. As set forth in the Complaint, Plaintiff seeks coverage under the Policy issued by Ohio Casualty, and identifies Omni as a loss payee on the Policy. According to the Complaint, Omni "provided [Plaintiff] with a purchase money loan … [and] is listed on the Policy's 'Loss Payable Schedule'." (Ex. A, Compl., at ¶ 5).

31. Plaintiff and Omni have a mutual interest in attempting to establish coverage under the Policy. They also have a common interest in the outcome of this suit, so Omni's status should be "realigned," and it should be treated as a plaintiff for purposes of evaluating diversity jurisdiction. *See*, *e.g.*, *Deluxe Building Systems, Inc. v. Constructamax, Inc.*, 94 F. Supp. 3d 601, 607 (D.N.J. 2013) (before analyzing diversity, the court should analyze the true nature of the claims, and "must realistically align each party as plaintiff or defendant."); *Kelly v. Maxum Specialty Insurance Group*, 868 F.3d 274, 289-90 (3d Cir. 2017), quoting *Emp'rs Ins. of Wausau v. Crown Cork & Seal Co.*, 905 F.2d 42, 45-46 (3d Cir. 1990) (a court must identify the 'principal purpose of the suit' and look at 'the facts as they existed at the time the action was commenced to determine the position of the parties.'").

32. In another recent case with striking similarities to this matter, this Court analyzed the status of a named defendant and held that realignment as a plaintiff was appropriate. In *Gentry v. Chubb*, 2022 WL 1082453 (D.N.J. Apr. 11, 2022), although the relevant party ("Flying W") was named as a defendant alongside several insurers, where the "primary dispute" was whether policies provided coverage and Flying W would benefit from a finding that coverage existed, the Court determined that "realignment of the parties is necessary to echo the parties 'attitude towards

6

the actual and substantial controversy.'" *Id.* at *3, quoting *City of Indianapolis v. Chase National Bank of New York* 314 U.S. 63, 69 (1941). A true and complete copy of the Gentry decision is attached hereto as **Exhibit G**.

33. The positions of Omni and Plaintiff in the case at bar are analogous to the positions of the parties in the *Gentry* matter. Like Flying W, Omni: (a) was named as a defendant in an action seeking a declaration that insurance coverage exists; (b) is a co-defendant along with an insurance company that had denied coverage; and (c) stands to benefit from the finding that the claim was covered by the Policy. Thus, Plaintiff's decision to name Omni as a defendant is not dispositive. If Omni defended against Plaintiff's claims, it would be arguing that coverage was not available. This would obviously be contrary to its own interests as a loss payee.

34. Given that Omni and Plaintiff's interests align, the Court should realign its status and consider Omni a plaintiff for removal purposes.

> **(3)** **Even if Omni is Considered a Defendant, its Citizenship is Irrelevant and its Consent to Removal is not Required Because it is a "Nominal Party."**

35. Should the Court not find diversity of citizenship and further decline to realign Omni's status and deem it a defendant rather than a plaintiff, removal is still warranted.

36. As a preliminary matter, Omni's consent to removal as a co-defendant is not required because it has not been served with the Complaint. *See* 28 U.S.C. § 1446(b)(2)(A) (only defendants "who have been properly joined and served must join in or consent to the removal of the action.").

37. Additionally, even if Omni had been properly served, its citizenship is still irrelevant to the removal analysis because of its status as a "nominal" party. *See Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 358 (3d Cir. 2013):

7

> "[T]he 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." *Navarro Savings Ass'n v. Lee,* 446 U.S. 458, 460, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980). "Thus, a federal court must disregard nominal or formal parties," *id.* at 461, 100 S.Ct. 1779, and can base its jurisdiction only upon the citizenship of parties with "a real interest in the litigation," *Bumberger v. Ins. Co. of N. Am.,* 952 F.2d 764, 767 (3d Cir.1991).

*See also Walsh v. Defenders, Inc.*, 894 F.3d 583, 589 (3d Cir. 2018), quoting *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 358 (3d Cir. 2013) (disregarding nominal party, and holding that court can base diversity jurisdiction "only upon the citizenship of parties with 'a real interest in the litigation.'"); *Atlas Data Privacy v. Blackbaud, Inc.*, 757 F. Supp. 3d 605, 612 (D.N.J. 2024) ("The citizenship of the real party in interest, rather than that of mere nominal parties governs whether diversity jurisdiction exists.").

38. The Complaint states that "[Omni] is named solely as a party who may have an interest in the subject matter of this litigation." (Ex. A, Compl., at ¶ 5). However, this indirect "interest" is insufficient to impact the removal analysis.

39. Omni's role as a loss payee is irrelevant to the declaratory relief sought (Count One), and the request for reformation (Count Two). The remaining causes of action, for breach of the implied covenant of good faith and fair dealing (Count Three), and for attorneys' fees (Count Four), seek damages from Ohio Casualty only.

40. The Complaint seeks no relief against Omni and none of the four causes of action pleaded in the Complaint require Omni's participation. It is clear based on the allegations of the Complaint that Plaintiff and Ohio Casualty are the only real parties in interest.

41. Accordingly, even if Omni is considered a citizen of the State of New Jersey, and even if it is deemed a proper defendant, it is a nominal party irrelevant to the removal analysis. Accordingly, diversity jurisdiction is not defeated, and its consent to removal is not required.

**D.      Citizenship and Status of Co-Defendant Busey**

42.     As noted above, Busey is no longer a party to this action; but its status is addressed in this section out of an abundance of caution and for the purposes of completeness.

43.     Busey is identified in the Complaint as an "Illinois banking entity with a mailing address of PO Box 17370, Urbana, Illinois." (Ex. A, Compl., at ¶ 6).

44.     According to a report obtained from the Illinois Department of Financial and Professional Regulation, Busey is a State Bank chartered by the Illinois Division of Financial and Professional Regulation, with its principal place of business located at 100 West University Avenue, Champaign, Illinois 61820.

45.     Accordingly, for the purposes of diversity jurisdiction, Busey is a citizen of the State of Illinois. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010), quoting 28 U.S.C. § 1332(c)(1) (State-chartered bank is a citizen of the State in which it has its "principal place of business.").

47.     In addition, for the same reasons discussed above with regard to Omni, Busey's consent to removal is unnecessary. The Complaint identifies Busey as a loss payee on the Policy. (Ex. A, Compl., at ¶ 6). Also like Omni, Busey's interests align with Plaintiff's interests, and its status should be realigned accordingly. Busey should be considered a plaintiff in this action for removal purposes. *See, e.g., Kelly, Emp'rs Ins. of Wausau*, and *Deluxe Building*, *supra.* Consent is not required from a plaintiff.

48.     In addition, even if deemed a defendant, Busey's consent to removal is not required because it is a "nominal" party. Like Omni, "Busey is named solely as a party who may have an interest in the subject matter of this litigation." (Ex. A, Compl., at ¶ 6). As a result, it too has only an indirect interest in the litigation, and its role as a loss payee is irrelevant to the causes of action in the Complaint.

49. For the reasons set forth above, there is complete diversity of citizenship between the parties, thereby satisfying the diversity of citizenship requirement of 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY

30. The amount in controversy exceeds $75,000, exclusive of interest and costs. More specifically, the Complaint states that Plaintiff seeks judgment against Ohio Casualty "for damages in an amount to be determined at trial, but in no event less than $275,000 … ." (Count Three, at "Wherefore" clause). In articulating the amount pleaded in the Complaint, Ohio Casualty does not concede that Plaintiff is entitled to recover, but only that the amount placed in controversy by Plaintiff exceeds the jurisdictional threshold.

31. Accordingly, Plaintiff's Complaint alleges damages in excess of the sum of $75,000.00, exclusive of interest and costs, thereby satisfying the amount in controversy requirement of 28 U.S.C. § 1332.

32. Ohio Casualty, upon filing the Notice of Removal with the Office of the Clerk of the United States District Court for the District of New Jersey, shall give prompt written notice thereof to Plaintiff, and shall file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Camden County, to effect removal of this action to the United States District Court pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant, The Ohio Casualty Insurance Company, under 28 U.S.C. §§ 1332, 1441 and 1446, removes this action in its entirety from the Superior Court of New Jersey, Law Division, Camden County, to the United States District Court for the District of New Jersey.

| | |
|---|---|
| Dated: December 31, 2025 | **FINAZZO COSSOLINI O'LEARY MEOLA & HAGER, LLC** |

                                                 By: */s/ Rachel R. Hager*
                                                        RACHEL R. HAGER, ESQ.
                                                        180 Park Avenue, Suite 202
                                                        Florham Park, New Jersey 07932
                                                        (973) 343-4960
                                                        rachel.hager@finazzolaw.com
                                                        *Attorneys for Defendant,*
                                                        *The Ohio Casualty Insurance Company*

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that the subject matter now before this Court is not part of any other action pending in any Court or of any pending arbitration or administrative proceeding, except the Camden County Superior Court, Law Division, upon which this removal application is based (CAM-L-003903-25).

Dated: December 31, 2025

**FINAZZO COSSOLINI O'LEARY MEOLA & HAGER, LLC**

By: */s/ Rachel R. Hager*
RACHEL R. HAGER, ESQ.
180 Park Avenue, Suite 202
Florham Park, New Jersey 07932
(973) 343-4960
rachel.hager@finazzolaw.com
*Attorneys for Defendant,*
*The Ohio Casualty Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of December 2025, I electronically filed the enclosed Notice of Removal and attached exhibits through the Court's CM/ECF filing system, and a copy of same was sent via e-mail to the following counsel of record:

Jonathan T. Guldin, Esq.
**CLARK GULDIN**
20 Church Street – Suite 15
Montclair, New Jersey 07042
(973) 206-5789
jguldin@clarkguldin.com
*Attorneys for Plaintiff*

                                           */s/ Rachel R. Hager*
                                           RACHEL R. HAGER, ESQ.